FILED 20 JUN '16 13:04 USDC-ORP

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

3'16  CR-00266 JO

UNITED STATES OF AMERICA

3:16-CR-_____

v.

**FELONY INFORMATION**

**ANTHONY CURTIS NEAL,**

**18 U.S.C. § 1347**
**18 U.S.C. § 371**

**Defendant.**

## THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

## THE ENTITIES

1.      Eye Care Services, Inc. (hereinafter "ECS"), was registered on March 3, 2003 as a domestic business corporation with the Oregon Secretary of State Corporation Division.  Dean E. Neal was listed as the Registered Agent.  The corporation was administratively dissolved on April 30, 2004, but the business remained active, doing business as 20/20 Eye Care.

2.      ECS's primary place of business was located at 500 NW 20th Suite 100, Gresham, Oregon, 97030.

3.      ECS became a Medicare provider effective March 3, 2003.  ECS's initial Medicare enrollment listed the corporation as a single specialty ophthalmology clinic.  Dean Elton Neal, M.D. was the only physician associated with the practice.

4.       Oculus, Inc. was registered on August 24, 2004 as a domestic business corporation

with the Oregon Secretary of State Corporation Division. The last annual report submitted by

Oculus, Inc. was e-filed with the Oregon Secretary of State on September 27, 2013 and listed

Oculus, Inc.'s principal place of business as 17700 SE Forest Hill Drive, Damascus, OR 97089.

Natalia Neal was listed as the President, Secretary and Registered Agent of Oculus, Inc. The

electronic signature was in the name of Natalia Neal. Prior to September 27, 2013, Sharon E. Neal

was listed as President, Secretary, and Registered Agent of Oculus, Inc. with the same principal

place of business. Oculus, Inc. was administratively dissolved on October 24, 2014. On February

3, 2015, Sharon Neal submitted and signed an application for reinstatement/reactivation of Oculus,

Inc. As a result, Oculus, Inc. was reinstated as an Oregon domestic business corporation.

Oculus, Inc. was again administratively dissolved on October 23, 2015.

5.       Oculus, Inc. has never enrolled as a Medicare provider.

## THE INDIVIDUALS

6.       Dean Elton Neal, M.D. was the primary owner, operator, and ophthalmologist at

ECS until his death on May 23, 2015.

7.       Defendant Anthony Curtis **NEAL** is the son of Dr. Dean Neal. On a May 2007

Medicare enrollment application, Anthony C. **NEAL**, was listed as a "Managing Employee" of

ECS with the job title of "Administrator." Defendant Anthony **NEAL** was primarily

responsible for handling the billing for ECS.

8.       Sharon Neal is the wife of Dr. Dean Neal and the mother of defendant Anthony

Curtis **NEAL**.

9.       Natalia Neal is the wife of defendant **NEAL**.

**Felony Information**                                                                                                          **Page 2**

10.     Dr. Dean Neal, Sharon Neal, defendant **NEAL** and Natalia Neal all lived at the residence at 17700 SE Forest Hill Drive, Damascus, OR 97089. Defendant **NEAL** primarily worked from a home office at the Damascus residence.

11.     Dr. Dean Neal and defendant Anthony **NEAL** managed the practice, established testing protocols, and set all business related policies.

## THE SCHEME TO DEFRAUD

12.     As part of the material scheme to defraud, defendant **NEAL** and Dr. Neal formulated a plan to increase ECS's ability to bill for and collect reimbursement from public and private health care insurers, including Medicare.

13.     As part of the material scheme to defraud, defendant **NEAL** and Dr. Neal required that every patient not at ECS for a follow-up visit be put through a battery of diagnostic tests. These tests were performed regardless of medical necessity and usually were not medically necessary.

14.     As part of the material scheme to defraud, defendant **NEAL**, in consultation with Dr. Neal, regularly submitted claims to Medicare and other public and private health care plans for these medically unnecessary tests.

15.     As part of the material scheme to defraud, defendant **NEAL**, in consultation Dr. Neal, regularly submitted claims on behalf of ECS to Medicare and other public and private health care plans designed to double bill Medicare and other public and private health care plans. A modifier was applied to the billing records for inherently bilateral tests (single reimbursement for both eyes) which caused Medicare and other public and private health care plans to reimburse ECS for these tests as if they were unilateral procedures (one reimbursement for each eye).

16.     As part of the material scheme to defraud, defendant **NEAL**, in consultation with

Dr. Neal, regularly submitted, on behalf of ECS, up-coded claims to Medicare and other public

and private health care plans for unilateral ophthalmic ultrasounds (high reimbursement rate, two

units) when ECS should have billed for bilateral pachymetry (low reimbursement rate, one unit).

This caused Medicare and other public and private health care plans to reimburse ECS at a

higher rate for each procedure than ECS was entitled to receive.

## COUNT 1
### (Health Care Fraud)
### (18 U.S.C. § 1347)

17.     Paragraphs One through Sixteen (16) of the Introductory Allegations are

incorporated herein.

18.     A "health care benefit program" as defined by Title 18, United States Code,

Section 24(b) includes Medicare and all other public and private health care plans ECS billed.

19.     Beginning on or about January 1, 2007, and continuing through or about

November 26, 2013, in the District of Oregon and elsewhere, defendant **NEAL**, knowingly and

willfully executed and attempted to execute the above-described scheme and artifice to defraud

and to obtain, by means of materially false and fraudulent pretenses, representations, and

promises, money under the control of Medicare and other health care benefit programs as

defined in Title 18, United States Code, Section 24(b), in connection with the delivery of and

payment for health care benefits and services.

All in violation of Title 18, United States Code, Section 1347.

///

///

///

**Felony Information**                                                                                       **Page 4**

## COUNT 2
### (Conspiracy to Defraud the United States)
### (18 U.S.C. § 371)

20.     Paragraphs One through Sixteen (16) of the Introductory Allegations are incorporated herein.

## OBJECT OF THE CONSPIRACY

21.     Beginning in or about January 2006 and continuing through April 30, 2014, within the District of Oregon, and elsewhere, defendant **NEAL** and others, known and unknown, unlawfully and knowingly combined, conspired, confederated, and agreed together to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS, an agency of the United States, in the ascertainment, computation, assessment, and collection of revenue, that is, federal individual income taxes.

## MANNER AND MEANS AND SCHEME TO DEFRAUD

22.     Defendant **NEAL**, Dr. Neal and others, known and unknown, carried out their conspiracy using the following manner and means, among others:

23.     Establishing Oculus, Inc. and associated financial accounts to conceal and to attempt to conceal taxable income derived from the operation of ECS from the IRS;

24.     Directing the majority of the revenue from ECS, including the fraudulent billing proceeds of Count 1, to an Oculus, Inc. bank account;

25.     Using the Oculus, Inc. bank accounts to pay for substantial personal expenses each year by means of the use of checks, debit cards and the payment of credit cards that defendant **NEAL** and others used for personal expenses;

26.    Failing to report over $1.3 million per year in gross income to the Internal Revenue Service on behalf of either ECS or Oculus, Inc. in tax years 2009 – 2013;

27.    Defendant Anthony **NEAL** did not use the ECS payroll process to receive or report any income from ECS to himself or Natalia Neal for tax years 2007 through 2013. The tax identification number (TIN) of ECS was used to file federal employment tax forms for ECS, and the Forms W-2 issued to employees of the business reported that they were paid by ECS.

28.    Defendant **NEAL** failed to file personal income tax returns for tax years 2005 through 2013.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

29.    To further the conspiracy and to affect its objects, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

30.    On or about November 12, 2011, Defendant **NEAL** signed and caused check #4472 and check #4473 in the total amount of $6,000 payable to Natalia Neal to be drawn on the U.S. Bank account in the name of Oculus, Inc.

31.    From 2009 through 2013, Defendant **NEAL** exclusively used revenue from ECS, directed through the Oculus, Inc. business bank accounts, to pay for personal expenses.

All in violation of 18 U.S.C. § 371.

Dated this 20th day of June 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

DONNA BRECKER MADDUX, OSB #023757
SETH D. URAM, D.C. #376214
Assistant United States Attorneys